UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS THOMPSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>NAVIGATORS INSURANCE COMPANY, and DOES 1 through 20 inclusive<br><br>Defendants. | Case No.:  11-cv-2509 JM-RBB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Docket No. 7 |

This case arises from an insurance coverage dispute between Navigators Insurance Company ("Navigators"), Thompson Builders, Inc. ("TBI"), and Thomas Thompson ("Thompson").  Navigators originally filed suit in February 2011 seeking rescission of the insurance policy they issued to TBI because of alleged misrepresentations made by TBI when applying for the policy (Case No. 11-cv-381, referred to as "Case #1").  In October of 2011, TBI and Thomas Thompson (who was not a named party in Case #1) filed a procedurally deficient counterclaim.  Four days later, Thompson filed a separate suit against Navigators based on the same set of events (Case No. 11-cv-2509, "Case #2").  Navigators moved to dismiss the counterclaim in Case #1 and the complaint in Case #2.  The court granted the first motion to dismiss due to non-opposition, but required further briefing on the motion in Case #2.  The court now DENIES Navigators' motion to dismiss.

## I. BACKGROUND

### A. Underlying Facts

According to Navigators' complaint in Case #1, TBI submitted an application for commercial general liability insurance on December 1, 2009. Nav. Compl. ¶ 8. At some point on or around December 14, 2009, TBI began working on a project with Vanderbuilt Construction "to provide roofing demolition services on a commercial structure located in National City, California, that had been damaged by fire." ¶ 22. One of Vanderbuilt's employees, Colin Butler, was injured when he fell through a hole in the roof. Butler is seeking damages in state court from both TBI and Thompson based on his injury ("Butler case" or "Butler litigation").

### B. Procedural History of Both Cases

Navigators' complaint seeks rescission of the insurance policy based on misrepresentations allegedly made by TBI in its application for the policy. First, the completed application stated that 100% of its work was on residential property. Second, it stated that no applicant acted in the capacity of a General Contractor, Builder, Construction Manager, Project Manager or Developer. Third, it represented that TBI had not performed any repair of fire damage in the past five years and that there were no plans to do so in the next year. Finally, TBI stated that it had not performed any roofing or demolition projects in the past ten years, nor did it plan to perform any in the future. ¶¶ 10-13.

Based on its belief that these misrepresentations can be the basis for rescission of the policy, Navigators' complaint includes causes of action for both negligent and intentional misrepresentation and seeks declaratory relief stating that Navigators has no duty to defend or indemnify TBI in the Butler litigation. TBI filed an answer on April 14, 2011. On May 26, the court issued a scheduling order stating that any motion to amend the pleadings should be filed and heard on or before October 24, 2011. Without seeking leave to amend, TBI filed a counterclaim against Navigators and also purported to add Thomas Thompson as a

counterclaimant. Navigators moved to dismiss, pointing out the impropriety and untimeliness of the counterclaim.

Case #2 was filed by Thomas Thompson against Navigators on October 28, 2011, four days after TBI was notified of the procedural problems associated with its counterclaims. Thompson's complaint alleges that he was an insured under the policy while acting as an officer, director, and shareholder of TBI. The complaint lists causes of action for breach of the duty of good faith and fair dealing and for breach of contract based on Navigators' failure to provide defense and indemnity in the Butler case and on Navigators' refusal to make payments on the insurance policy.

## II. LEGAL STANDARD AND DISCUSSION

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court examines the legal sufficiency of the pleadings. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Supreme Court has held that in order to survive a 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Navigators does not seek dismissal based on general insufficiency of the facts pled in Thompson's complaint, but instead argues that (1) Thompson cannot bring an individual claim for coverage under the policy at all, and (2) Thompson's complaint is procedurally barred because TBI failed to file a compulsory counterclaim in Case #1.

**A. Whether Thompson Can Make a Claim under the Insurance Policy**

Navigators' briefs contend that Thompson cannot separately claim coverage because Section II.1.d of the insurance policy states that TBI's "'executive officers' and directors are insureds, but only with respect to their duties as [] officers or directors." Under Navigators' view, this language means that only TBI has standing to sue for coverage.

1   Navigators fails to demonstrate that Thompson cannot bring an individual claim for
2   coverage on the policy.  California courts have stated that "[w]hen a person seeks coverage as an
3   additional insured under a policy issued to a corporation as the named insured, an officer or
4   employee of the corporation is entitled to a defense if he or she was acting in an insured capacity
5   when allegedly engaged in the injury-producing conduct."  Barnett v. Fireman's Fund Ins. Co.,
6   90 Cal. App.4th 500, 511 (2001) (citing Olson v. Federal Ins. Co., 219 Cal.App.3d 252, 260
7   (1990)).[1]  See also Haggerty v. Federal Ins. Co., 32 Fed.Appx. 845 (9th Cir. 2002) (noting that
8   insurance company's duty to defend "is triggered when a lawsuit potentially seeks damages
9   within the coverage of the policy," and that an officer of a corporation is entitled to a defense if
10  he was acting in an insured capacity) (quoting Gray v. Zurich Ins. Co., 65 Cal.2d 263 (1966)).

11  Navigators cites no case to the contrary, but argues that because Navigators rescinded its
12  policy on February 18, 2011, there is no policy on which Thompson can make a claim.
13  Navigators states that "[o]nce rescinded, an insurance policy is void *ab initio*," and thus cannot
14  be breached.  Navigators first cites to LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.,
15  156 Cal. App. 4 Dist. (2007).  Indeed, the California appeals court held that the policy in that
16  case was void because of the plaintiff's material misrepresentations.  However, as Navigators
17  fails to mention, that case had already gone to trial.[2]  Here, Navigators has filed a complaint with
18  allegations that TBI made material misrepresentations, but the court has not yet determined
19  whether those claims are true.  As Navigators states, "once a policy has been validly rescinded,
20  all rights of the insured thereunder are extinguished."  That may be true, but the court has not yet

---

[1]   In Barnett, the plaintiffs were sued for making defamatory statements against a company.  They were covered by a corporate insurance policy that stated "executive officers of [the company] are 'insureds, but only with respect to their duties as your officers . . . .'" 90 Cal.App.4th at 511.  Accordingly, the court held that there was a potential that the plaintiffs were acting within their insured capacity when making the statements and were entitled to a defense.

[2]   In another case relied on by Navigators, Imperial Casualty & Indemnity Co. v. Sogomonian, 198 Cal.App.3d 169 (1988), the appeals court assessed the issue after summary judgment had been granted on rescission.

approached the question of whether the policy was validly rescinded. Accepting Navigators' argument would create the unacceptable result that once an insurance company has rescinded a policy, the insured would not be allowed to challenge that rescission in court.

Navigators makes another argument seemingly based on the assertion that Thompson could only face liability with respect to his duties as an officer of TBI, and thus he is not entitled to a defense in state court. However, Navigators cites only one case on this issue, and it merely establishes that an officer or director of a corporation is not shielded from being sued in tort because of a corporation's involvement. PMC, Inc. v. Kadisha, 78 Cal.App.4th 1368, 1380-81 (2000). While it is certainly not clear that Thompson can be held individually liable in the Butler case, Navigators has not decisively established that he is not entitled to a defense. Under the law, "to be entitled to a defense, the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential." Barnett v. Fireman's Fund Ins. Co., 90 Cal. App.4th 500, 508 (2001). It would be premature for this court to declare that there is no potential for coverage in the Butler case.

**B. Whether Rule 13(a) or Res Judicata Calls for Dismissal**

Navigators also argues that Thompson's individual complaint is precluded because TBI failed to file a timely compulsory counterclaim in Case #1. As requested, the parties' supplemental briefs focused on Taylor v. Sturgell, 553 U.S. 880 (2008), which attempted to clarify the standard for nonparty preclusion. However, even if Thompson could be covered by the nonparty preclusion doctrine discussed in Taylor, Navigators has failed to demonstrate that Fed. R. Civ. P. 13(a) and the doctrine of res judicata support Taylor's application here.

Under Rule 13(a), counterclaims are compulsory if they exist at the time of pleading and arise from the same transaction or occurrence as the complaint. However, Rule 13(a) itself does not prevent the filing of a subsequent complaint based on claims that could have been raised as compulsory counterclaims; when the second case is filed, Ninth Circuit courts assess whether the

1 new claim is barred by res judicata.  E.g., Dragor Shipping Corp. v. Union Tank Car Co., 378
2 F.2d 241, 244 (9th Cir. 1967) ("Under Rule 13(a) a party who fails to plead a compulsory
3 counterclaim against an opposing party is held to have waived such claim and is precluded by res
4 judicata from bringing suit upon it again.").  Consequently, though it does not acknowledge this,
5 Navigators must rely on either claim preclusion or issue preclusion to successfully advocate the
6 dismissal of Thompson's complaint.[3]  Claim preclusion cannot bar the complaint since
7 Thompson's claims are made on his own behalf and he seeks coverage that is indisputably
8 distinct from the coverage sought by TBI.   Thus, his claims cannot be characterized as the same
9 claims that TBI attempted to make in Case #1.[4]
10       Even if claims that should have been pled as compulsory counterclaims can also be
11 barred by issue preclusion, that doctrine only bars "successive litigation of an issue of fact or law
12 actually litigated and resolved in a valid court determination essential to the prior judgment."
13 New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001).  See also Restatement (2d) of

---

[3]     The definition of the term "res judicata" has not always been clear, and it is possible that in Dragor Shipping, the court was referring exclusively to claim preclusion.  See Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1981) (stating that "the doctrine of res judicata (or claim preclusion) bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action") (internal quotation marks omitted).  Thus, it could be argued that only claim preclusion can be used to preclude a claim that should have previously been pled as a Rule 13(a) compulsory counterclaim.  However, the Supreme Court in Taylor explained that "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  553 U.S. at 892.  Because the court finds that Thompson's complaint cannot be dismissed under either claim preclusion or issue preclusion, the question concerning the proper definition of res judicata need not be answered at this time.

[4]     While the lower courts in Taylor did hold that Taylor's subsequent claim was barred by claim preclusion, the defendants there argued that Taylor was essentially bringing the same claim as the previous litigant.  The situation here is markedly different:  even though Thompson's interests may be aligned with TBI's, he is only seeking individual insurance coverage, not coverage for TBI.  Because of this distinction, claim preclusion cannot be a ground for dismissal.

In discussing the issue of when a person who "assumes control" of one case on behalf of a party can be precluded from litigating a second case, the Restatement of Judgments notes that the rule "applies to issue preclusion, and not claim preclusion, because the person controlling the litigation, as a non-party, is by definition asserting or defending a claim other than one he himself may have."  Restatement (2d) of Judgments § 39, Comment b.

Judgments §17 (noting that a previous judgment is generally "conclusive as to the issues raised in the subsequent action if those issues were actually litigated and determined in the prior action and if their determination was essential to the judgment"). Here, the counterclaims of TBI were not actually litigated—they were filed late and procedurally barred.

For these reasons, there is no legal basis upon which Thompson's complaint can be dismissed. Though Navigators repeatedly points to the unity of interests between Thompson and TBI, it has not demonstrated that either Rule 13(a) or the res judicata doctrine prevent the survival of Thompson's complaint.

## III. CONCLUSION

Navigators has not shown that California law prevents an individual from filing a complaint seeking to enforce his rights under a corporate insurance policy. Further, there has been no demonstration that TBI's failure to timely file a counterclaim can prevent Thompson from filing his individual complaint. For these reasons, the motion to dismiss is DENIED

**IT IS SO ORDERED.**

Dated: March 28, 2012

Jeffrey T. Miller
United States District Judge